UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| SERGEY GITER, as Personal Representative of the Estate of Klavdia Giter, deceased,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | CASE NO. 3:08-cv-622-J-25MCR<br><br><br><br><u>DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO STRIKE OFFICIAL CRASH REPORTS [SIC] FROM DEFENDANT'S MOTION FOR SUMMARY JUDGMENT</u> |

Defendant, the UNITED STATES OF AMERICA, through its counsel the United States Attorney, Middle District of Florida, files its Response to Plaintiff's Motion to Strike Official Crash Reports [sic] from Defendant's Motion for Summary Judgment. As grounds for this Response, Defendant states as follows:

1. Plaintiff appears to move to strike two Florida Traffic Crash Reports both of which are purportedly attached to the Defendant's Motion and Memorandum for Summary Judgment. Doc. 20. Plaintiff contends that both reports should be stricken because admission violates the Florida Accident Report Privilege set forth in §316.066(7), Fla. Stat., and because the conclusions in the reports are unreliable, prejudicial and improper under Rule 403, Fed.R.Evid.

2. At approximately 6:19 a.m., on August 24, 2006, just ten (10) minutes after the accident at issue, Officer D.A. Sciandra of the Jacksonville

Sheriff's Office (JSO), pursuant to § 316.066(3)(a) (2008), Fla. Stat., prepared a Florida Traffic Crash Report dated August 24, 2006, noting the lighting condition was dark with no street lights.  Doc. 15 (Defendant's Motion and Memorandum for Summary Judgment) at Exhibit 4 (Florida Traffic Crash Report) at p. 2.  This Original Report is attached to Defendant's Motion for Summary Judgment at Exhibit 4.

3.	In addition, Detective J.C. Hurst of the JSO, pursuant to §316.066(3)(a) (2008), Fla. Stat., prepared a Florida Traffic Crash Report Update (hereinafter "Updated Report"), dated October 4, 2006.  However, contrary to Plaintiff's contention, this Updated Report was not attached to the Defendant's Motion for Summary Judgment.

4.	Contrary to Plaintiff's assertions, the Florida Accident Report Privilege does not apply and there is no danger of unfair prejudice in the admission of the Report.  Thus, Plaintiff's Motion to Strike should be denied.

MEMORANDUM

A.	Legal Standard

Federal Rule of Civil Procedure 12 (f) provides that upon motion by a party or upon the Court's initiative at any time, the Court may order stricken from any pleading any "redundant, immaterial, impertinent or scandalous matter."  Fed. R. Civ. P. 12 (f)(2).  "The function of a 12 (f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial."  Fantasy, Inc. v. Fogerty, 984 F.2d

1524, 1527 (9th Cir. 1993) (citations omitted), <u>overruled on other grounds</u>, 510 U.S. 517 (1994). An "immaterial" matter is "that which has no essential or important relationship to the claim for relief or the defenses being pleaded." 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1382, at 706-07 (1990). An "impertinent" matter consists of "statements that do not pertain, and are not necessary, to the issues in question." <u>Id.</u> at 711. A "scandalous" matter is generally that which "unnecessarily reflects on the moral character of an individual or states anything in repulsive language that detracts from the dignity of the court." 2 James W. Moore et al., Moore's Federal Practice ¶ 12.37[3] (3rd ed. 1997).

Although a motion to strike will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, <u>Poston v. American President Lines, Ltd,</u>, 452 F. Supp. 568, 570 (S.D. Fla. 1978) (citing <u>Augustus v. Board of Public Instruction</u>, 306 F.2d 862 (5th Cir. 1962)), such decisions by the district court are reviewed on an abuse of discretion standard, <u>McCorstin v. United States Dep't of Labor</u>, 630 F.2d 242 (5th Cir. 1980).

B.  The Florida Accident Report Privilege Does Not Apply.

In Florida, a law enforcement officer is required to prepare a traffic crash report. Also, a driver of a vehicle involved in an accident has a statutory duty to prepare a traffic crash report. However, the driver's duty to prepare a report is extinguished if an officer prepares a report. Section 316.066, Fla. Stat., provides in pertinent part as follows:

(1) The driver of a vehicle which is in any manner involved in a crash resulting in bodily injury or death of an person...shall, within 10 days after the crash, forward a written report of such crash to the department or traffic records center. However, when the investigating officer has made a written report of the crash pursuant to subsection (3), no written report need be forwarded to the department or traffic records center by the driver.
. . .
(3)(a) Every law enforcement officer who in the regular course of duty investigates a motor vehicle crash:

   (1) Which crash resulted in death or personal injury shall, within 10 days after completing the investigation, forward a written report of the crash to the department or traffic records center.
. . .
(7) Except as specified in this subsection, each crash report made by a person involved in a crash and any statement made by such person to a law enforcement for the purpose of completing a crash report required by this section shall be without prejudice to the individual so reporting. No such report or statement shall be used as evidence in any trial, civil or criminal.[1]

Fla. Stat. § 316.066(2008)(emphasis added).

---

[1]Effective October 1, 2006, this section was renumbered from Fla. Stat. § 316.066(4) to Fla. Stat. § 316.066(7).

4

As set forth above, the statute imposes a statutory duty upon a driver involved in an accident to prepare and forward a traffic crash report. Fla. Stat. § 316.066(1)(2008). When a driver has provided a statement to a law enforcement officer for purposes of completing a crash report and/or a driver complies with this statutory duty to prepare and forward a traffic crash report, such report or statement is made without prejudice to the reporting driver or individual and the report prepared by the driver and/or the statement provided by the driver "shall not be used as evidence in any trial, civil or criminal" against the reporting individual. Fla. Stat. § 316.066(7)(2008). Thus, the accident report privilege only applies to a driver who actually prepares a traffic crash report and/or to a statement given by such individual to a law enforcement officer and included in the traffic crash report prepared by the officer. However, this is not the case here and thus the accident report privilege does not apply.

In Brackin v. Boles, 452 So.2d 540 (Fla. 1984), the trial court ruled, in a personal injury action arising from a motor vehicle accident, that a defendant's violation of a driver's license law and the plaintiff's blood alcohol content was inadmissible evidence. The appellate court ruled that a violation of a driver's license law was admissible and that blood alcohol content was inadmissible. The Florida Supreme Court quashed and remanded, concluding that:

> Subparagraph (4) is the critical portion of that statute [316.006]. This subparagraph provides that "<u>accident reports made by persons involved in accidents shall be without prejudice to the individual so reporting</u>" and that "[n]o such report shall be used as

5

> evidence in any trial." We now see no need for distinction between the accident report investigation and the criminal investigation except as it pertains to a <u>defendant's individual communications to a police officer or in a report submitted by a defendant in accordance with the statute. Such communications are required by subparagraphs (1) and (2), under which a driver involved in an accident must file a written report and supplements thereto</u>.
>
> A blood test is not a communication from "a person involved in an accident." The tangible evidence of the accident, *i.e.*, location of accident, vehicles' location, skidmarks, damage to vehicles, all observed by the investigating officer, are not confidential and may be admitted into evidence by the investigating police officer. <u>All this information ordinarily appears on the accident report prepared by the investigating police officer and it is clearly admissible at trial. Further other tangible evidence obtained or observed by the investigating officer is not derived from an "accident report *made by persons* involved in an accident."</u> Neither is a blood test.
>
> ...The statute only prohibits the use of communications "made by persons involved in accidents" in order to avoid a fifth amendment violation. ... We clearly and emphatically hold that the purpose of the statute is to clothe with statutory immunity only such statements and communications as the driver, owner, or occupant of a vehicle is compelled to make in order to comply with his or her statutory duty under section 316.066(1) and (2).

452 So.2d at 544 (emphasis added). As the <u>Brackin</u> Court concluded the prohibition against using reports and communications as evidence in any civil or criminal trial is limited to actual reports and communications made by the person involved in the accident, in order to comply with the statutory duty, to avoid compelled self-incrimination in violation of the Fifth Amendment. <u>Id</u>.

In <u>State of Florida v. Edwards</u>, 463 So.2d 551 (Fla 5th DCA 1985), a trial court sitting in an appellate capacity, reversed a DUI conviction because the driver objected to an officer's testimony regarding his observations of the driver's

6

conduct, claiming that such was privileged pursuant to § 316.066(4).  The appellate court quashed the order, concluding that the officer's testimony consisted of his observations and did "not involve statements or communications made by" the driver.  463 So.2d at 554.  Because the officer's testimony did not involve "statements" or "communications" that the driver was "compelled to make in order to comply with his statutory duty, its use was not prohibited by section 316.066(4)." Id.  The court reasoned that the "purpose of this statute [§316.066(4)] making accident reports [made by a person involved in an accident] privileged and thus inadmissible is to protect the constitutional right against self-incrimination while at the same time requiring persons involved in accidents to make a true report of the accident." Id. at 552.  See also State v. Edge, 397 So.2d 939, 942 (Fla. 5th DCA 1981) (stating "[w]ith certain very limited exceptions, the privilege accorded by section 316.066..., and its predecessors applies only to 'statements' the driver is compelled to make in order to comply with his statutory duty and the statute...must be strictly construed 'in the sense that no situation should be held within its operation to which the Legislature did not clearly intend to accord the privilege.'")

       The accident report privilege does not apply to traffic crash reports made by law enforcement officers.  Recently, in Hendrix v. Evenflo Co., Inc., 255 F.R.D. 568 (N.D. Fla. 2009), the defendant moved to exclude the traffic crash report prepared by a Florida Highway Patrol officer.  One of the arguments for

7

excluding the report was the accident report privilege in §316.066(7). The court summarily rejected this "astonishing" argument as without merit. 255 F.R.D. at 579 fn19.

In this case, the accident report privilege does not apply. As §316.066(7) clearly states, the prohibition against using the report applies when the "<u>crash report [is] made by a person involved in a crash and any statement made by such person to a law enforcement for the purpose of completing a crash report required by this section [and thus] shall be without prejudice to the individual so reporting</u>." Fla. Stat. §316.066(7). Only statements included in an officer's report and reports prepared by the individual involved in the accident, not the officer's observations included in the report prepared by a law enforcement officer investigating the accident, are subject to the privilege because the purpose of the privilege is to protect the constitutional right against self-incrimination while at the same time mandating that the person provide truthful evidence to determine what happened in the accident. Here, the Traffic Crash Report was prepared by Officer Sciandra pursuant to his statutory duty, not pursuant the driver's separate statutory duty to prepare a report. Because the officer prepared a traffic crash report, the statutory duty for anyone else to prepare and forward a report was extinguished. Fla. Stat. §316.066(1).

Also, because the purpose of the accident report privilege is to avoid self-incrimination of those involved in an accident who provide reports or statements

to officers, only the holder of the privilege, *i.e.*, only those who provide such reports and/or statements, is able to prohibit the use of such statements. Hence, the holder of the privilege would be able to waive the privilege and use the report and/or statements. Here, neither the Plaintiff nor the decedent provided statements to the officer which were used in the original Traffic Crash Report attached to the Defendant's Motion for Summary Judgment. However, the Plaintiff, who is not the holder of the privilege, attempts to enforce the privilege and thus prohibit the use of the Traffic Crash Report on behalf of George Lett.

      C.      <u>Traffic Crash Report Should Not Be Excluded Under Rule 403</u>.

In the Plaintiff's Motion to Strike, Plaintiff contends that the officer's conclusions regarding the lighting conditions, location of the pedestrian and driver and the criminal fault of the crash are unreliable, prejudicial and are improper evidence because the officer lacked personal knowledge of the events of the crash and the conclusions are based upon a higher burden of proof in a criminal case and thus are irrelevant in a civil proceeding. Doc. 20 at p. 3. Hence, the Plaintiff contends that any probative value of the report is outweighed by the danger of prejudice and confusion of the issues and that the report is needless in light of more reliable evidence in the form of deposition testimony. Contrary to the Plaintiff's assertions, the Traffic Crash Report should not be excluded under Rule 403, Fed.R.Evid.

Under Rule 403, Fed.R.Evid., relevant evidence may be excluded if the "probative value is substantially outweighed by the danger of unfair prejudice." United States v. Dodds, 347 F.3d 893, 897 (11th Cir. 2003). The court is required to balance the probative value of the evidence versus the likely prejudicial impact of the evidence. Id. Exclusion under Rule 403 should be done "sparingly" and the "balance should be struck in favor of admissibility." Id. In striking the balance, the court should "look at the evidence in a light most favorable to its admission, maximizing its probative value and minimizing its undue prejudicial impact." Id.[2]

The Traffic Crash Report is a public report prepared pursuant to Officer Sciandra's duty as a law enforcement officer under Fla. Stat. §316.066(3)(2008). Thus, absent some reason to question the trustworthiness of the report, the Traffic Crash Report is admissible as an exception to the hearsay rule under Rule 803(8)(C), Fed.R.Evid.[3] Hendrix., 255 F.R.D. at 580. Here, the officer did not rely solely on the evidence from the driver but also questioned the only other witness to the accident. Thus, Plaintiff has pointed to no evidence to question the trustworthiness of the report. Further, in Hendrix., 255 F.R.D. at 580, the defendant also argued to exclude a Florida traffic crash report pursuant to Rule

---

[2] Of course, there is no danger of misleading the jury here because the trier of fact is the court.

[3] The Hendrix court acknowledged that the officer preparing the crash report did not "observe the crash firsthand," and that Rule 803(8)(C), Fed.R.Evid, applied because the officer's "'factual findings result[ed] from an investigation' sometimes involving disputed evidence." Hendrix., 255 F.R.D. at 580 fn20.

403, Fed.R.Evid.  The court, however, rejected this argument to exclude the crash report.  Id.

In this case, the Traffic Crash Report is only cited for the Officer's factual finding or observation that the street was dark with no street lights just ten minutes after the accident occurred.  The officer's finding is consistent with the testimony of the driver and the unbiased witness, Tabatha Woodcock Higgins, both of whom testified that street lighting was insufficient to see the pedestrian in the roadway.  Hence, the lighting condition is a relevant issue.  Further, any other the tangible evidence of the accident observed by the investigating officer, which ordinarily appears on the accident report prepared by the investigating police officer, is clearly admissible at trial.  Brackin, 452 So.2s at 544.

Also, the Plaintiff argues that the Traffic Crash Report has low probative value because the court can rely on other more reliable testimony.  However, low probative value is not properly "considered as an element of undue prejudice in applying the Rule 403 balancing test."  Marsee v. U.S. Tobacco Company, 639 F. Supp. 466, 469 (W.D. Ok. 1986).

## CONCLUSION

Based upon the foregoing arguments and citations of authority, the Defendant respectfully requests that the Court deny the Plaintiff's Motion to

Strike the Traffic Crash Report attached to Defendant's Motion and

Memorandum for Summary Judgment at exhibit 4.

                                       Respectfully Submitted,

                                       A. BRIAN ALBRITTON
                                       United States Attorney

                                       */s/ Ronnie S. Carter*
                                       RONNIE S. CARTER
                                       Assistant United States Attorney
                                       Trial Counsel
                                       Florida Bar No. 0948667
                                       United States Courthouse
                                       300 North Hogan Street, Suite 700
                                       Jacksonville, Florida 32202-4270
                                       Telephone No. (904) 301-6319/6300
                                       Facsimile No. (904) 301-6363/6310
                                       Email: Ronnie.Carter@usdoj.gov

cc:     Kyle Guess, Esquire
        Department of the Navy
        Office of the Judge Advocate General
        Tort Claims Unit
        9620 Maryland Ave., Suite 205
        Norfolk, VA 23511-2949

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this __14th__ day of August, 2008, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system.  I further certify that on the same day a copy of the foregoing document and notice of electronic filing will be furnished by the CM/ECF system to the following CM/ECF participant listed below:

>Steven R. Browning, Esquire
>Spohrer & Dodd, P.A.
>701 W. Adams Street, Suite 2
>Jacksonville, FL 32204
>
>Sean B. Cronin, Esquire
>Cronin & Maxwell, PL
>2223 Oak Street
>Jacksonville, FL 32204

>_/s/ Ronnie S. Carter_
>RONNIE S. CARTER
>Assistant United States Attorney