UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Sergey Giter as Personal Representative of the
Estate of Klavdia Giter, deceased,

    Plaintiff,

vs.                                                                Case No. 3:08-cv-622-J-MCR

United States of America,

    Defendant.
_____/

## **O R D E R**

**THIS CAUSE** is before the Court on Plaintiff's Motion in Limine (Doc. 36) filed November 24, 2009. Defendant filed a response in opposition to the Motion (Doc. 43) on December 3, 2009. Accordingly, the matter is now ripe for judicial review.

Plaintiff asks the Court to enter an Order permitting the use of leading questions when Plaintiff calls a witness identified with Defendant. Specifically, Plaintiff intends to call Petty Officer George Lett, the driver of the vehicle striking Plaintiff's mother, during his case. Plaintiff seeks to utilize leading questions while examining Mr. Lett on direct examination. Additionally, Plaintiff asks that when Defendant questions Mr. Lett, it be prohibited from utilizing leading questions, as such cross-examination will be "cross examination in form only." (Doc. 36, p.1).

Defendant responds that Plaintiff should not "be given the unlimited ability to use leading questions when questioning Lett on direct examination." (Doc. 43, p.2). Instead, Defendant asks the Court to limit Plaintiff's use of leading questions to only as

-1-

it becomes necessary to develop Mr. Lett's testimony.  Id.  Further, Defendant asserts that it should be permitted to ask leading questions when it cross-examines Mr. Lett during Plaintiff's case.  Defendant points out that while Rule 611(c) of the Federal Rules of Evidence allows a party calling a witness identified with an adverse party to use leading questions, "'there is no complementary provision requiring such a witness to be cross-examined without the use of leading questions by the party to whom that witness is friendly."  (Doc. 43, p.4, quoting Stahl v. Sun Microsystems, Inc., 775 F.Supp. 1397, 1399 (D. Colo. 1991)).

     Rule 611(c) of the Federal Rules of Evidence establishes that:

> Leading questions should not be used on the direct examination of a witness except as may be necessary to develop the witness' testimony.  Ordinarily leading questions should be permitted on cross-examination.  When a party calls a hostile witness, an adverse party, or a witness identified with an adverse party, interrogation may be by leading questions.

Rule 611(c), Fed.R.Evid.  The Court is satisfied that Mr. Lett, as the driver of the vehicle which struck and killed Plaintiff's mother, is a witness identified with an adverse party.  As such, the Court will permit Plaintiff's counsel to utilize leading questions while questioning Mr. Lett during Plaintiff's case.  However, the Court will exercise its discretion during the trial and limit any inappropriate leading questions if necessary.

With respect to Plaintiff's request for the Court to prohibit Defendant's counsel from utilizing leading questions during its cross-examination of Mr. Lett during Plaintiff's case, the Court will decline to do so at this time.  As Defendant properly notes, there is no requirement in Rule 611(c) that dictates a party cross-examining a friendly witness is

precluded from using leading questions. Instead, "the matter is within the court's traditional discretion to control the mode of interrogation." Morvant v. Construction Aggregates Corp., 570 F.2d 626, 635 (6th Cir. 1978). Therefore, the Court will not place an outright ban on Defendant's use of leading questions during its cross examination of Mr. Lett. Instead, the Court will use its discretion during the trial in permitting the use of leading questions by Defendant.

Accordingly, after due consideration, it is

**ORDERED**:

Plaintiff's Motion in Limine (Doc. 36) is **GRANTED** in part. Plaintiff will be permitted to utilize leading questions in its examination of Mr. Lett during his case. At this time, the Court will not prohibit the use of leading questions by Defendant during its cross examination of Mr. Lett.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  7th  day of December, 2009.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record